**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. ____1:19-cv-02951_____

ERIKA ESTRADA,

   Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

   Defendant.

## **COMPLAINT**

NOW COMES Plaintiff, ERIKA ESTRADA, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, as follows:

### **NATURE OF THE ACTION**

1. This action is seeking damages for PRA's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq.*

### **JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. ERIKA ESTRADA ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Lakewood, Colorado.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. PORTFOLIO RECOVERY ASSOCIATES, LLC ("PRA") is a limited liability company organized under the laws of Delaware.

8. PRA has its principal place of business at 120 Corporate Boulevard, Suite 100, Norfolk, Virginia 23502.

9. PRA is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of PRA's business is the collection of debt.

10. PRA is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

11. PRA is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the number ending in 5702.

13. At all times relevant, Plaintiff's number ending in 5702 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

15. Years ago, Plaintiff applied for and received a Capital One Bank (USA), N.A. credit card.

16. Over time, Plaintiff made personal charges on this credit card.

17. Plaintiff defaulted on payments and Plaintiff's unpaid balance was charged-off and referred for collection.

18. Plaintiff's unpaid balance is a "debt" as defined by 15 U.S.C. § 1692a(5) as it relates to an obligation or alleged obligation to pay money arising out of a transaction in which the money, property, insurance, or services which is the subject of the transaction are primarily for personal, family, or household purposes.

19. In 2017, Plaintiff changed numbers.

20. Soon thereafter, Plaintiff started to receive phone calls from PRA.

21. Upon information and belief, PRA obtained Plaintiff's number ending in 5702 through skip tracing.

22. On multiple occasions, Plaintiff answered.

23. Each time Plaintiff answered, she was met with clear pause prior to being connected to PRA's representative.

24. Each time Plaintiff answered, PRA sought to collect payment on Plaintiff's defaulted Capital One obligation.

25. On multiple occasions, Plaintiff advised PRA she simply cannot pay this debt.

26. Suddenly these phone calls stopped.

27. Months passed – *unfortunately* – these phone calls resumed earlier this year.

28.	Yet again, each time Plaintiff answered, she was met with clear pause prior to being connected to PRA's representative.

29.	Recently, Plaintiff finally inquired how PRA obtained her number ending in 5702; indicating that she did not provide that number to Capital One.

30.	PRA did not say.

31.	Accordingly, Plaintiff demanded that PRA stop calling.

32.	All in all, PRA placed (or caused to be placed) dozens of *unconsented-to* phone calls to Plaintiff.

33.	PRA's unconsented-to phone calls resulted in aggravation that accompanies unsolicited phone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services, and wasting Plaintiff's time.

34.	Concerned with having had her rights violated, Plaintiff sought counsel to ensure that PRA's unlawful collection efforts ceased.

35.	Accordingly, Plaintiff needed to expend energy and time consulting with attorneys as direct result of PRA's unlawful collection efforts.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

36. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692d

37. Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5).

38. PRA violated 15 U.S.C. § 1692d(5) by continuously or repeatedly calling Plaintiff without Plaintiff's consent.

39. PRA's behavior of continuously or repeatedly calling Plaintiff was abusive, harassing, and oppressive.

40. Plaintiff may enforce the provisions of 15 U.S.C. § 1692d(5) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)  any actual damage sustained by such person as a result of such failure;

(2)

5

    (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.    a finding that PRA violated 15 U.S.C. § 1692d(5);

B.    an award of any actual damages sustained by Plaintiff as a result of PRA's violation(s);

C.    an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.    an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.    an award of such other relief as this Court deems just and proper.

## COUNT II:
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**

41.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

42.    Defendant placed or caused to be placed dozens of non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

43. Upon information and belief, based on the "clear pause" Plaintiff experienced, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

44. Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once a human voice is detected, hence the clear pause.

45. Upon information and belief, the ATDS employed by Defendant has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

46. Upon information and belief, Defendant acted through its agents, employees, and/or representatives at all times relevant.

47. As a result of Defendant's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

48. As a result of Defendant's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: October 16, 2019                                   Respectfully submitted,

**ERIKA ESTRADA**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com