# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

ERIKA ESTRADA,

    Plaintiff,

v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

    Defendant.

_____/

Case No. 0:19-cv-02951-LTB

Defendant, Portfolio Recovery Associates, LLC ("PRA"), by counsel, submits the following Answer to the Complaint ("Complaint") filed by Plaintiff Erika Estrada ("Plaintiff").

PRA denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. PRA further states that its investigation of the present matter is ongoing. Accordingly, PRA reserves the right to amend this Answer. PRA denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint.

In response to the separately numbered paragraphs in the Complaint, PRA states as follows:

## NATURE OF THE ACTION

1. PRA admits Plaintiff purports to bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Telephone Consumer Protection Act 47 U.S.C. § 227 ("TCPA"). PRA specifically denies it violated the FDCPA and the TCPA. PRA further denies Plaintiff is entitled to any of the requested relief and/or judgments. PRA denies any remaining allegations in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2. The allegations in Paragraph 2 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 2 of the Complaint are denied.

3. The allegations in Paragraph 3 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 3 of the Complaint are denied.

## PARTIES

4. PRA admits that Plaintiff is a natural person and over 18 years of age. PRA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 of the Complaint, and therefore denies the same.

5. The allegations in Paragraph 5 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 5 of the Complaint are denied.

6. The allegations in Paragraph 6 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 6 of the Complaint are denied.

7. PRA admits that it is a Delaware limited liability company with its headquarters in Norfolk, Virginia. The remaining allegations in Paragraph 7 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the remaining allegations in Paragraph 7 of the Complaint are denied.

8. PRA admits that it is a Delaware limited liability company with its headquarters in Norfolk, Virginia. The remaining allegations in Paragraph 8 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the remaining allegations in Paragraph 8 of the Complaint are denied.

9. The allegations in Paragraph 9 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 9 of the Complaint are denied.

10. The remaining allegations in Paragraph 10 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the remaining allegations in Paragraph 10 of the Complaint are denied.

11. The allegations in Paragraph 11 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 11 of the Complaint are denied.

## FACTUAL ALLEGATIONS

12. PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and therefore denies the same.

13. PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and therefore denies the same.

14. PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and therefore denies the same.

15. PRA admits Plaintiff applied for and received a Capital One credit card. PRA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15 of the Complaint, and therefore denies the same.

16. PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint, and therefore denies the same.

17. PRA admits Plaintiff defaulted on payments. The remaining allegations in Paragraph 17 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the remaining allegations in Paragraph 17 of the Complaint are denied.

18. The allegations in Paragraph 18 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 18 of the Complaint are denied. PRA further states that it is without knowledge or information sufficient to form a belief as to whether Plaintiff's financial obligation arose out of a transaction in which the money, property, insurance, or services which was the subject of the transaction was primarily for personal, family, or household purposes, and therefore denies the same.

19. PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, and therefore denies the same.

20. PRA denies the allegations in Paragraph 20 of the Complaint.

21. The allegations in Paragraph 21 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 21 of the Complaint are denied.

22. PRA admits Plaintiff answered at least one telephone call from PRA. PRA denies any remaining allegations in Paragraph 22 of the Complaint.

23. PRA denies the allegations in Paragraph 23 of the Complaint.

24. PRA admits Plaintiff owes PRA a financial obligation she has failed to meet. The remaining allegations in Paragraph 24 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the remaining allegations in Paragraph 24 of the Complaint are denied.

25. PRA denies the allegations in Paragraph 25 of the Complaint.

26. PRA denies the allegations in Paragraph 26 of the Complaint.

27. PRA denies the allegations in Paragraph 27 of the Complaint.

28. PRA denies the allegations in Paragraph 28 of the Complaint.

29. PRA denies the allegations in Paragraph 29 of the Complaint.

30. PRA denies the allegations in Paragraph 30 of the Complaint.

31. PRA denies the allegations in Paragraph 31 of the Complaint.

32. PRA denies the allegations in Paragraph 32 of the Complaint.

33. PRA denies the allegations in Paragraph 33 of the Complaint.

34. PRA denies Plaintiff's rights were violated and that any of its actions were unlawful. PRA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 of the Complaint and therefore, denies the same.

35. PRA denies the allegations in Paragraph 35 of the Complaint.

## CLAIMS FOR RELIEF

### COUNT I:

**Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)**

36. PRA incorporates and re-asserts the responses in Paragraphs 1 through 35 as if fully stated herein.

**Violations(s) of 15 U.S.C. § 1692d**

37. The allegations in Paragraph 37 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 37 of the Complaint are denied.

38. PRA denies the allegations in Paragraph 38 of the Complaint.

39. PRA denies the allegations in Paragraph 39 of the Complaint.

40. PRA denies the allegations in Paragraph 40 of the Complaint. PRA further denies the allegations contained in the "WHEREFORE" clause immediately following Paragraph 40 of the Complaint, including the allegations in subparagraphs (A) through (E), and denies Plaintiff is entitled to any of the requested relief and/or judgments.

### COUNT II:
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et seq.*)**

41. PRA incorporates and re-asserts the responses in Paragraphs 1 through 40 as if fully stated herein.

42. PRA denies the allegations in Paragraph 42 of the Complaint.

43. PRA denies the allegations in Paragraph 43 of the Complaint.

44. PRA denies the allegations in Paragraph 44 of the Complaint.

45. PRA denies the allegations in Paragraph 45 of the Complaint.

46. The allegations in Paragraph 46 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 46 of the Complaint are denied.

47. PRA denies the allegations in Paragraph 47 of the Complaint.

48. PRA denies the allegations in Paragraph 48 of the Complaint. PRA further denies the allegations contained in the "WHEREFORE" clause immediately following Paragraph 48 of the Complaint, including the allegations in subparagraphs (A) through (D), and denies Plaintiff is entitled to any of the requested relief and/or judgments.

## DEMAND FOR JURY TRIAL

PRA admits the Complaint contains a demand for a trial by jury. PRA denies Plaintiff is entitled to a trial by jury.

## AFFIRMATIVE AND OTHER DEFENSES

PRA hereby sets forth the following affirmative defenses to the Complaint.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's claims fail to the extent the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against PRA and fails to state facts sufficient to entitle Plaintiff to the relief sought.

### SECOND AFFIRMATIVE DEFENSE
### (Compliance)

Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, PRA fully complied with the Fair Debt Collection Practices Act ("FDCPA"), the Telephone Consumer Protection Act ("TCPA"), and all applicable law.

### THIRD AFFIRMATIVE DEFENSE
**(Bona Fide Error)**

Plaintiff's claims under the FDCPA fail to the extent any violation resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### FOURTH AFFIRMATIVE DEFENSE
**(Fair and Conscionable Means)**

Plaintiff's claims fail to the extent the means employed by PRA to collect the debt(s) at issue were fair and conscionable.

### FIFTH AFFIRMATIVE DEFENSE
**(Proximate Cause)**

Plaintiff's claims fail to the extent Plaintiff's purported damages, which PRA continues to deny, were the direct and proximate result of the conduct of Plaintiff or others.

### SIXTH AFFIRMATIVE DEFENSE
**(Vicarious Liability)**

Plaintiff's claims against PRA fail to the extent that Plaintiff seeks to hold PRA liable, vicariously or otherwise, for the acts or omissions of others.

### SEVENTH AFFIRMATIVE DEFENSE
**(Failure to Mitigate Damages)**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate her alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE
**(Authorization)**

Plaintiff's claims fail to the extent PRA's actions were authorized by the terms of the underlying agreement(s) creating the debt(s).

## NINTH AFFIRMATIVE DEFENSE
(Arbitration)

To the extent Plaintiff has agreed to arbitrate this dispute in the original agreement(s) creating the obligation(s), the Complaint violates that agreement and this matter should be dismissed and/or stayed pending arbitration.

## TENTH AFFIRMATIVE DEFENSE
(Damages)

Any recovery Plaintiff receives is subject to a set off if any damages are awarded against PRA, in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged damages. PRA is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

## ELEVENTH AFFIRMATIVE DEFENSE
(Statutory Damages)

Plaintiff cannot recover from PRA individually for statutory damages on the grounds that any award of statutory damages would be impermissible under the Due Process Clause of the Fourteenth Amendments to the United States Constitution and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution due to the lack of any actual damages suffered by Plaintiff and the gross disparity between the allegations of harm and the size of the claim. Stating further, any award of statutory damages would violate the constitutional standards enunciated in cases such as *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

## TWELFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's Complaint fails to the extent that it is barred by the applicable statute of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Injury-In-Fact)

Plaintiff cannot recover from PRA under the Complaint to the extent that she has not alleged or cannot maintain an actual injury-in-fact as this deprives the Court of Article III jurisdiction.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Standing)

The Complaint is barred, in whole or in part, to the extent that Plaintiffs lacks standing.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Waiver, Release and/or Accord and Satisfaction)

The Complaint is barred, in whole or in part, to the extent Plaintiff has released or otherwise waived her claims.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Telephone System is Not an ATDS)

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted against PRA because the telephone system used to allegedly contact Plaintiff does not constitute an automatic telephone dialing system ("ATDS") under the TCPA.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Consent)

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff consented to the alleged telephone calls within the meaning of the TCPA.

## EIGHTEENTH AFFIRMATIVE DEFENSE
**(Contract Claims)**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's claims are contractual in nature and not appropriate under the FDCPA or the TCPA.

## NINETEENTH AFFIRMATIVE DEFENSE
**(Barred by Applicable Constitutional Provisions)**

Plaintiff's claims are barred, in whole or in part, by the Constitution of the United States.

## TWENTIETH AFFIRMATIVE DEFENSE
**(Right to Additional Defenses)**

PRA reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant, Portfolio Recovery Associates, LLC ("PRA"), requests that the Court enter an order: (1) dismissing the Complaint with prejudice; (2) awarding PRA its costs and expenses incurred herein; and (3) awarding PRA such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**PORTFOLIO RECOVERY ASSOCIATES, LLC.**

*/s/ Jonathan P. Floyd*
Jonathan P. Floyd
Troutman Sanders, LLP-Richmond
1001 Haxall Point
Suite 1500
Richmond, VA 23219
Tel: 804-697-1435
Fax: 804-697-1339
Email: jonathan.floyd@troutmansanders.com
*Attorney for Defendant Portfolio Recovery Associates, LLC*

# CERTIFICATE OF SERVICE

I certify that on the 12th day of November 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

                                          */s/ Jonathan P. Floyd*
                                          Jonathan P. Floyd

                                          *Attorney for Portfolio Recovery Associates, LLC*