**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02951-LTB-NYW

ERIKA ESTRADA,

   Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

   Defendant.

---

**SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

On January 10, 2020, the Court set the Scheduling Conference for February 10, 2020 at

11:00 AM AM in Courtroom A-502, Fifth Floor, Alfred A. Arraj United States Courthouse, 901 19th

Street, Denver, Colorado before Magistrate Judge Nina Y. Wang

| | |
|---|---|
| Mohammed O. Badwan<br>Joseph S. Davidson<br>SULAIMAN LAW GROUP, LTD.<br>2500 South Highland Avenue<br>Suite 200<br>Lombard, Illinois 60148<br>+1 630-575-8181<br>mbadwan@suliamanlaw.com<br>jdavidson@sulaimanlaw.com<br><br>*Counsel for Erika Estrada* | Jonathan P. Floyd<br>TROUTMAN SANDERS LLP<br>1001 Haxall Point<br>Suite 1500<br>Richmond, Virginia 23219<br>+1 804-697-1435<br>jonathan.floyd@troutman.com<br><br>*Counsel for Portfolio Recovery Associates, LLC* |

1

## 2. STATEMENT OF JURISDICTION

The Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiff:** Years ago, Plaintiff applied for and received a Capital One Bank (USA), N.A. credit card. Over time, Plaintiff made personal charges on this card. Plaintiff defaulted on payments. Plaintiff's unpaid account was charged-off and referred for collection. In 2017, Plaintiff started to receive phone calls from Defendant. On multiple occasions, Plaintiff answered. Defendant sought to collect on Plaintiff's unpaid Capital One Bank (USA), N.A. account. On multiple occasions, Plaintiff informed Defendant that she can not pay. These phone calls suddenly stopped. However, last year, these phone calls resumed once more. Plaintiff explicitly requested that Defendant stop. Unfortunately, these phone calls continued. Plaintiff alleges Defendant placed (or caused to be placed) dozens of non-emergency phone calls, to Plaintiff's cellular telephone with an automatic telephone dialing system ("ATDS"), without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii) as well as 15 U.S.C. § 1692d(5).

b. **Defendant:** Plaintiff's Complaint seeks damages arising from PRA's alleged violation(s) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"). *See* Compl. ¶ 1.

Upon review, Plaintiff's Complaint fails to allege any viable cause of action against PRA. First, regarding the FDCPA, Plaintiff had multiple conversations with PRA account representatives where she identified the phone number at issue as a good contact number to reach her and even requested that PRA contact her at least three times (by both phone and mail). PRA should not be held liable for communications that were, in fact, consented to and requested by Plaintiff. Second, regarding the TCPA, at no point did PRA use an ATDS to contact Plaintiff.

### 4. UNDISPUTED FACTS

**The following facts are undisputed:**

1. Plaintiff previously applied for and received a Capital One Bank (USA), N.A. credit card.

2. Over time, Plaintiff made charges on this credit card.

3. Plaintiff defaulted on payments and Plaintiff's unpaid balance was charged-off and sold to Defendant.

4. The alleged cell phone number at issue in this matter is (XXX) XXX-5702.

### 5. COMPUTATION OF DAMAGES

a. **Plaintiff:** As result of Defendant's violation(s) of 15 U.S.C. § 1692d(5), Plaintiff is seeking (i) any actual damage, (ii) such additional damages as the court may allow, but not exceeding $1,000.00, and (iii) the costs of the action, together with reasonable attorney's fees as determined by the court.

As result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), *Plaintiff is seeking no less than $500.00 in statutory damages, for each and every violation.* As result of

*Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is seeking up to $1,500.00 in treble damages, for each and every violation.*

b.  **Defendant:** PRA reserves the right to seek its attorneys' fees pursuant to the FDCPA should Plaintiff's claims be found to have been brought in bad faith.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.  **Date of Rule 26(f) meeting.**

   January 21, 2020

b.  **Names of each participant and party he/she represented.**

   Joseph S. Davidson
   SULAIMAN LAW GROUP, LTD.
   2500 South Highland Avenue
   Suite 200
   Lombard, Illinois 60148
   +1 630-575-8181
   jdavidson@sulaimanlaw.com

   Jonathan P. Floyd
   TROUTMAN SANDERS LLP
   1001 Haxall Point
   Suite 1500
   Richmond, Virginia 23219
   +1 804-697-1435
   jonathan.floyd@troutman.com

c.  **Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

   Rule 26(a)(1) disclosures will be made on or before February 4, 2020.

d.  **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

   None.

e.  **Statement concerning any agreements to conduct informal discovery:**

   None.

f.  **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

   The parties will utilize an unified exhibit numbering system.

g. **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties **do not** anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form. The parties have agreed, where practicable, to produce any ESI in searchable .pdf format, and to confer in good faith with regard to the need for any additional formatting, pursuant to Fed.R.Civ.P. 34

h. **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

Counsel for Plaintiff made an initial demand on December 19, 2019. On January 20, 2020, Defendant rejected Plaintiff's demand.

## 7. CONSENT

All parties ☐ have ■ have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

Two (2) depositions each.

b. **Limitations which any party proposes on the length of depositions.**

Seven (7) hours each.

c. **Limitations which any party proposes on the number of requests for production**

**and/or requests for admission.**

Twenty-five (25) each.

d. **Other Planning or Discovery Orders**

No opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.LCivR. 7.1(a). If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a telephone hearing with Magistrate Judge Wang regarding the issue. Both of these steps must be completed before any contested discovery motions are filed with the Court.

### 9. CASE PLAN AND SCHEDULE

a. **Deadline for Joinder of Parties and Amendment of Pleadings:**

March 26, 2020.

b. **Discovery Cut-off:**

August 7, 2020

c. **Dispositive Motion Deadline:**

September 7, 2020.

d. **Expert Witness Disclosure**

1. The parties shall identify anticipated fields of expert testimony, if any on or before June 8, 2020.

2. Limitations which the parties propose on the use or number of expert witnesses. Two (2) Rule 26(2)(B) expert witnesses per side.

    3.    The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before June 23, 2020.

    4.    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before July 8, 2020.

**e.** **Identification of Persons to Be Deposed:**

Plaintiff, Erika Estrada

Defendant, Portfolio Recovery Associates, LLC's Fed. R. Civ. P. 30(b)(6) corporate representative

**f.** **Deadline for Interrogatories:**

July 8, 2020.

**g.** ***Deadline for Requests for Production of Documents and/or Admissions***

July 8, 2020.

### 10. DATES FOR FURTHER CONFERENCES

a.    Status conferences will be held in this case at the following dates and times:

_____

b.    A final pretrial conference will be held in this case on _____ at o'clock ____m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

### 11. OTHER SCHEDULING MATTERS

**a.**    **Identify those discovery or scheduling issues, if any, on which counsel after a**

**good faith effort, were unable to reach an agreement.**

None.

b.     **Anticipated length of trial and whether trial is to the court or jury.**

2 to 3 days. Trial is to jury.

c.     **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439.**

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this _____day of _____, 2020.

                                                  BY THE COURT:

                                                  _____
                                                  THE HONORABLE NINA Y. WANG
                                                  UNITED STATES MAGISTRATE JUDGE

APPROVED:

| | |
|---|---|
| */s/ Joseph S. Davidson* | */s/ Jonathan P. Floyd (with consent)* |
| Mohammed O. Badwan | Jonathan P. Floyd |
| Joseph S. Davidson | TROUTMAN SANDERS LLP |
| SULAIMAN LAW GROUP, LTD. | 1001 Haxall Point |
| 2500 South Highland Avenue | Suite 1500 |
| Suite 200 | Richmond, Virginia 23219 |
| Lombard, Illinois 60148 | +1 804-697-1435 |
| +1 630-575-8181 | jonathan.floyd@troutman.com |
| mbadwan@suliamanlaw.com | |
| jdavidson@sulaimanlaw.com | *Counsel for Portfolio Recovery Associates, LLC* |
| *Counsel for Erika Estrada* | |